UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORI D., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-0209-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for a finding of disability.

## BACKGROUND

Plaintiff was born in 1973, has a high school diploma, and has worked as a telephone interviewer and restaurant server/bartender. AR 2324, 2355-58. Plaintiff was last gainfully employed in 2016. AR 2358.

In February 2016, Plaintiff applied for benefits, alleging disability as of December 1, 2015. AR 323-31. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 239-47, 250-65. After the ALJ conducted a hearing in April

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

2018 (AR 39-93), the ALJ issued a decision finding Plaintiff not disabled.  AR 12-38.  The Appeals Council denied Plaintiff's request for review (AR 1-6), but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded the matter for further administrative proceedings.  AR 2447-63.

On remand, a different ALJ held a hearing in November 2021 (AR 2341-2411), and subsequently issued a decision finding Plaintiff not disabled.  AR 2310-26.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

## LEGAL STANDARDS

Before remanding a case for a finding of disability, three requirements must be met.  First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'"  *Id*.  In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made.  *Id*. (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)).  Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).  And even if all three requirements are satisfied, the Court retains flexibility in determining the proper remedy.  *Id.*  The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'"  *Id*.

//

# DISCUSSION

The parties agree that the ALJ's decision contains reversible errors, but disagree as to the proper remedy for those errors. Plaintiff asks for a remand for a finding of disability, and the Commissioner requests a remand for further proceedings.[1] Dkt. 8 at 17-18, Dkt. 15 at 1. The Court will therefore apply the three-step test to determine whether a remand for a finding of disability is appropriate.

The parties agree that the first step of the test has been met, because the ALJ's decision contains error. The Court therefore turns to consider whether the second step has been satisfied, because the record is fully developed and further proceedings would serve no useful purpose. The Commissioner argues that the record contains conflicts between certain medical opinions, as well as between Plaintiff's allegations and the objective medical evidence, and also notes that the ALJ did not have the opportunity to consider the chiropractor's opinion that Plaintiff attached to her opening brief. Dkt. 15 at 4-6. On reply, Plaintiff argues that the conflicts identified by the Commissioner are insignificant and would not preclude a finding of disability. Dkt. 16 at 9.

The Court agrees with Plaintiff that the second step of the remand test has been satisfied. That the ALJ's discounting of one opinion was affirmed in a prior court remand order (Dkt. 15 at 4 (citing AR 2458)) does not create a conflict that must be resolved by the ALJ because the opinion was discounted as unexplained and unsupported. *See* AR 2321. This opinion does not suggest that the record contains ambiguities that must be resolved; the law of the case as to this

---

[1] The "summary" section of the Commissioner's brief requests that the case be remanded to allow the ALJ to determine whether Plaintiff became disabled during the adjudicated period, but refers to the incorrect alleged onset date as well as the incorrect date last insured. Dkt. 15 at 1-2. This statement of the issue presented also fails to acknowledge that the ALJ found Plaintiff not disabled through the date of the decision. *See* AR 2326. The Court assumes that this section of the Commissioner's brief was inadvertently imported and instead focuses on the Commissioner's framing of the issues in the conclusion section. *See* Dkt. 15 at 7-8.

opinion suggests that it is not particularly helpful in determining Plaintiff's RFC because it is unexplained.

Furthermore, although the Commissioner relies on purported inconsistencies between Plaintiff's allegations and the objective evidence (Dkt. 15 at 5-6), the ALJ cited such inconsistencies (AR 2317-20) and yet the Commissioner concedes that the ALJ's assessment of Plaintiff's testimony is erroneous for unspecified reasons. *See* Dkt. 15 at 8. Although a proper discounting of a claimant's testimony could constitute a conflict that would preclude a finding of disability, the Commissioner here concedes that the ALJ erred in discounting Plaintiff's testimony. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution.").

Lastly, the Commissioner emphasizes that the ALJ did not have the opportunity to consider a chiropractor's opinion, which describes disabling physical limitations and is therefore inconsistent with the State agency opinions. Dkt. 8-1 at 1-5. The existence of this opinion does not demonstrate that the record requires further development, particularly because it lends further support to Plaintiff's disability claim. Even if the ALJ was entitled to discount it for legally sufficient reasons, as the Commissioner seems to suggest (Dkt. 15 at 6), the Commissioner concedes that the ALJ should reassess all the opinions of record on remand, which implies that the ALJ erred in assessing them in the current decision. Dkt. 15 at 8.

The Commissioner's brief requesting remand thus fails to establish that the record contains outstanding issues that must be resolved before the ALJ can enter a finding of disability, and the Commissioner does not dispute that if the challenged opinions, statements, and testimony are credited, they support a finding of disability. All three steps of the remand test are therefore satisfied, and the Court is not aware of any evidence casting serious doubt on Plaintiff's

disability, either. Under these circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability.

Dated this 26th day of September, 2022.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5